## THE WRIT OF MANDAMUS.

[Circuit Court of Hamilton County.]

STATE EX REL FANGER, v. BOARD OF ELECTIONS.

Decided, January 5, 1903.

*Mandamus—Will not Lie to Compel the Providing of Voting Machines by Board of Elections—Does Not Lie in Anticipation of the Omission of Official Duties.*

1. A writ of mandamus to compel a board of elections to grant the petition of sixty-five per centum of the electors of a voting pre-·cinct for the providing of a voting machine for their precinct under the provisions of 95 O. L., 420, will not be issued, where it does not appear that there are funds on hand applicable to payment for such a machine, or that the board has been derelict in providing by proper levy a fund applicable to such purpose.

2. The rule that mandamus can not be granted in anticipation of an omission of duty, forbids the issuance of·a writ to compel the purchase of a voting machine which will not be needed for three months, where it does not appear that it is necessary to purchase the machine at once in order to have it in readiness when needed.

SWING, J.; GIFFEN, J., and JELKE, J., concur.

This court, on November 4, ult., the day of the last election, issued an alternative writ of mandamus against the defendants, returnable on December 2, to show cause why they should not purchase a voting machine under and by virtue of the requirements of Section 14 of an act passed by the Legislature in May, 1902 (95 O. L., 420), for Precinct B of the Twenty-sixth ward of the city of Cincinnati. The petition alleges that sixty-five per centum of the. electors have signed a petition praying for the adoption of a voting machine as required by the statute, and that the defendants refused to purchase the same.

The defendants answered, admitting that sixty-five per centum of the electors had filed the petition as alleged, and its refusal to purchase a machine, but denied all other allegations. No evidence was introduced as to the cost of a voting mechine, but it was admitted in the argument that the cost was $500.

No evidence was introduced by the relator showing that there was in·the general revenue fund of the city, applicable to the purchase of a machine, sufficient funds for the purchase of the

same. It did not further appear that said board were derelict in providing by proper levy a fund for the purchase of said machine, and as the board can not purchase a machine without funds which are applicable to the purchase of machines, the court should not attempt to compel the board to do an act which it is not in its power to do.

High Extraordinary Remedies, Section 14, says:

"It is a fundamental principle of the law of mandamus that the writ will never be granted in cases where, if issued, it would prove unavailing. And whenever it is apparent to the court that the object sought is impossible of attainment, either through want of power on the part of the persons against whom the extraordinary jurisdiction of the court is invoked, or for other sufficient causes, so that the granting of the writ must necessarily be fruitless, the court will refuse to interfere. So if it is apparent that the writ, if granted, can not be enforced by the court, relief will be withheld, since the courts are averse to exercising their extraordinary jurisdiction in cases where their authority can not be vindicated by the enforcement of process. Nor will mandamus be allowed unless the act or duty whose enforcement is sought is legally possible at the time."

The sixty-five per centum of the electors of said precinct presented their petition to said board on October 28, 1902, long after the time for which they might have provided a levy for the purpose of raising a fund sufficient to purchase said machine. It seems to us that this is all that should be said why the writ should be refused. The writ of mandamus is never granted except where the relator shows a clear legal right to have the writ issued, and it has not been shown here by the relator that the defendants have in the general revenue fund of said city funds which by law they are authorized to appropriate to the purchase of such machine. Neither has it been shown that said board neglected or refused to perform any duty resting on it to provide a proper fund in a proper way for the purchase of said machine.

There is still another reason why we think the writ should be refused at this time. The action was not brought to require the board to purchase a machine for the election held on November 4, ult. No application for the alternative writ was made to this court until the day of said election, and no election will

occur until the April election of 1903. If the board provides a voting machine by that time, more than three months hence, the relator will get all that he is entitled to. He is not beneficially interested in having the board purchase a voting machine at this particular time.

"Mandamus is never granted in anticipation of a supposed omission of duty, however strong the presumption may be that the persons whom it is sought to coerce by the writ will refuse to perform their duty when the proper time arrives. It is therefore incumbent upon the relator to show an actual omission on the part of the respondent to perform the required act; and, since there can be no such omission before the time has arrived for the performance of the duty, the writ will not issue before that time. In other words, the relator must show * * * a legal duty then due at his hands, and no threats or predetermination can take the place of such default before the time arrives when the duty should be performed; nor does the law contemplate such a degree of diligence as the performance of a duty not yet due." High Extraordinary Remedies, Section 12.

There is no legal duty now due the relator that the defendants must purchase a voting machine at this particular time. The time when there will be any use for said machine will be more than three months hence, and it is not shown that it is necessary to purchase such voting machine now in order to have it by the time needed. *Non constat* the defendants, if within their power to do so, may provide a voting machine as petitioned for by said electors of said precinct for the coming election in April. And it would only be reasonable to assume that the Legislature intended that in the purchase of machines, the board should make all necessary investigations as to the merits of the different machines and make proper agreements as to terms of sale, and these might very well require some time.

For these reasons the writ must be refused. Having come to this conclusion for the reasons stated, we do not think it proper to enter into a discussion of the other questions presented to us on the argument of the case, for what we would say would be *obiter dictum*.

*Geo. B. Okey, Cohen & Mack* and *Chas. L. Swain,* for relator. *Corporation Counsel,* for defendants.